Matthews v. Redwine.

JOSEPH W. MATTHEWS, Governor, vs. H. D. REDWINE.

Where, in debt on specialty, the deed is only the inducement to the action, and matter of fact the foundation, *nil debet* may be pleaded. But where the deed is the foundation of the action, although extrinsic facts are mixed up with it, *nil debet* is not a good plea.

The statute of limitations, as pleaded to the sheriff's official bond, has no application in this case to the original declaration.

The instrument of writing set out in the plaintiff's amended declaration is not a promissory note, because no sum is named in it, nor is it payable to any particular person; these things are constituent parts of a promissory note by the law of merchants.

In error from the circuit court of La Fayette county; Hon. Hugh R. Miller, judge.

The facts of the case are sufficiently given in the opinion of the court.

*J. F. Cushman*, for plaintiff in error,

Contended, that the decision of the court below was erroneous, and cited the following authorities to sustain his position: 1 Chitty's Plead. 518; 6 Cow. 465; Angell on Lim. 83.

*Howry & Hayes*, for defendant in error,

To sustain the opinion of the court below, cited *McFarland v. Wilson*, 2 S. & M. 284; *Planters Bank v. Scott*, 5 How. 246;

1 Chitty's Plead. 566 ; Ib. 423 ; 1 Saund. R. 38, and note 3 ; *Minton* v. *Woodworth*, 11 Johns. 474 ; *Bullis* v. *Giddens*, 8 Ib. 83 ; 1 Cow. 670 ; *Carmichael* v. *The Governor*, 3 How. 238 ; Acts of Legis. of 1844, p. 103.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of debt against Redwine, founded upon his official bond as sheriff, to recover a sum of money collected by him as sheriff, which it is alleged he failed to pay over to the plaintiff in execution.

The defendant filed four pleas : 1. That he did not, as sheriff, collect the money, by virtue of the execution in the declaration mentioned. 2. The statute of limitations of three years. 3. The statute of limitations of six years. 4. *Nil debet.* To these pleas a demurrer was filed, which was overruled at the May term, 1849. The correctness of this action of the court is the first thing to be determined.

The first plea may not be strictly regular in point of form, but it is good in substance, and puts in issue the very matter in dispute. We will pass by the pleas of the statute of limitations, for a moment, and consider the plea of *nil debet.* On this point, the doctrine is, that " Where, in debt on specialty, the deed is only inducement to the action and matter of fact the foundation, *nil debet* may be pleaded. But where the deed is the foundation of the action, although extrinsic facts are mixed with it, *nil debet* is not a good plea." 1 Saund. 51, note 3 ; 1 Chit. Plead. 476 ; *Minton* v. *Woodworth*, 11 Johns. 475. We think this case falls within the first class, that the bond is only inducement, and the failure to pay the money collected, the foundation of the action. And so appears to have been the opinion of this court, in *Carmichael* v. *The Governor*, 3 How. 238.

But we do not think that the statutes of limitations which were pleaded, have any application to this suit, as set forth in the original declaration. The demurrer as to them, was therefore improperly overruled, but was properly overruled as to the other two pleas. Angell on Lim. 83.

After this decision, an amended declaration was filed, adding

a count upon an instrument, in these words: "In this case, I engage and promise on honor, punctually, to pay the amount received on said execution, without defalcation, by or on the first day of the next term of Newton circuit court, and costs accruing to the plaintiff's attorney." This would seem to have been written on, or annexed to, the execution.

To this amended declaration, the defendant pleaded *nil debet*, payment, and the statutes of limitation of three and six years. These pleas were severally replied to, and, on issue taken, the jury found a verdict for the defendant. The case thence comes by writ of error to this court.

There is no bill of exceptions in the case, no setting out of the testimony, nor was there any motion for a new trial. The propriety of the verdict is therefore in no way before us. But as the case must be reversed, for the error in deciding the demurrer, it will not be amiss to say a few words on another point made in the argument.

It is not very material to decide, whether the instrument set out in the amended declaration amounts to a promissory note or not. No sum is named in it, nor is it payable to any particular person. These things were necessary constituent parts of a promissory note by the law merchant. 1 Story, Prom. Notes, 1. They are scarcely to be considered as dispensed with by our statute. See *Besancon et al.* v. *Shirley*, 9 S. & M. 462. But, whether regarded as a promissory note, or a mere written evidence of indebtedness, it is equally barred by the statute of limitations. More than six years elapsed from its maturity, to the bringing of this suit.

There are other points made in the argument which require no comment, because the facts on which they rest are not contained in the record.

Judgment reversed, and cause remanded for farther proceedings.